SAN JUAN FRUIT COMPANY, Plff.,

*v.*

LANDRAU ET AL., Dfts.

San Juan, Law, No. 1049.

PRESCRIPTION FOR LAND WARRANTY.

Action for Breach of Warranty—Prescription.
    A purchased from B a tract of 290 cuerdas of land, but was not

San Juan Fruit Co. v. Landrau.

delivered the possession of 52 cuerdas thereof, nor able to obtain
such possession after establishing several actions against third per-
sons claiming the ownership thereof. A now sues B for damages
sustained because of loss of use of the 52 cuerdas and in maintain-
ing the suits to recover same. B demurs on the ground that the
action was prescribed pursuant to §§ 1266, 1268, 1375 and 1393
of the Civil Code. *Held* that none of these sections apply to the
present cause of .action.

Opinion filed February 21, 1916.

———————

## Statement of Facts.

This case comes up on a demurrer to the complaint. The
complaint alleges that the plaintiff is a corporation of New
York, and that defendants are the heirs of one Landrau and are
citizens of Porto Rico. That plaintiff is the successor of a
copartnership formerly existing in New York, and that the
present corporation took over from the said copartnership all
the property, actions at law, assets, and liabilities which it
owned and for which it was liable. That in June, 1902, the
copartnership, had purchased of the since deceased Landrau a
certain tract of land of two hundred and ninety (290) cuerdas,
and that by deed and by law the said Landrau warranted the
title and obligated himself and heirs to deliver possession. That
the lands were delivered in theory upon the signing of the bill
of purchase, but when plaintiff went to take possession it found
that 40 cuerdas (amended to 52 cuerdas) were occupied by
certain third persons; thereupon the purchaser made demand
upon Landrau for delivery, but this has not been effected up to
the present. That the copartnership and the plaintiff have been
deprived of the use of said portion of land, put to the expense

San Juan Fruit Co. v. Landrau.

of defending and bringing lawsuits in which the title and possession thereof were in litigation, all to plaintiff's damage of $9,500, etc.

The demurrer alleges first that the assignors of plaintiff are not shown to have been of the necessary citizenship to confer jurisdiction on this court. This demurrer has been confessed and need not be considered.

Next the demurrer alleges that prescription has run, under several different sections of the Code, and this will be considered at length.

*Mr. E. B. Wilcox* for plaintiff.

*Messrs. Savage & Francis* and *Mr. Luis Mendez Vaz* for defendants.

HAMILTON, Judge, delivered the following opinion:

The demurrer sets up ambiguity and uncertainty, inasmuch as it cannot be determined whether the plaintiff is suing as owner or as assignee of the copartnership or as some one else. It does not appear that this ground is well taken. Under the allegations of the complaint the plaintiff is suing for its own rights derived by an assignment from the copartnership. This ground will be overruled.

The last ground of demurrer is in effect the same with the variation that it is said to be impossible to determine whether the damage suffered was suffered by the plaintiff or its assignor. The complaint does not seem to be subject to this ground of demurrer, which is accordingly overruled.

VIII. Porto Rico—29.

These two grounds hardly need discussion. It appears that the complaint is on its face not subject to the objections urged. The matter of prescription, however, may or may not stand on a different footing.

1. The demurrer sets up that the remedy of the plaintiff, if any it has, has prescribed under §§ 1374 and 1375, under § 1268, under § 1266, and under § 1393 of the Civil Code. On the other hand, the plaintiff urges that the prescription applicable is under § 1864 of the Civil Code, which says that "real actions with regard to real property prescribe after thirty years," and § 1865 says "actions which are personal and for which no special term of prescription is fixed, after fifteen years." The periods set up in the demurrer vary from six months to four years. The demurrer therefore brings up the whole question of prescription.

The last title of the Civil Code, except a few final provisions, relates to the general subject of prescription. It is said in § 1831 that "ownership and other property rights are acquired by prescription in the manner and under the conditions specified by law. Rights and actions, of any kind whatsoever, also are extinguished by prescription in the same manner." Under § 1837 "all things which are the object of commerce are capable of prescription." It is recognized, however, in § 1839 that "the provisions of this title shall be understood without prejudice to what may be established in this Code or in special laws with regard to specified cases of prescription,"—such as the provisions set up in the title on Contracts, some of which are raised by the demurrer.

2. Prescription at civil law takes the place of the statute of limitations at common law, but is regarded as part of the Civil

San Juan Fruit Co. v. Landrau.

Code instead of being regarded, as at common law, as part of a Code of Procedure. The subject is covered by title 18 of the Porto Rico Civil Code. This consists of a first chapter on general provisions, and then of chapter 2 on the Prescription of Ownership and Other Property Rights, and lastly chapter 3 on Prescription of Actions. This title is, with the exception of the few final provisions affecting the whole Code, the last of the Civil Code. The Spanish civilians draw a careful distinction between chapter 2 and chapter 3 as covering, respectively, the subject of acquisitive prescription and of extinctive prescription. 12 Manresa, 732. As Manresa suggests, however, the division is not happy, inasmuch as the extinction of anyone's right to property implies the acquisition of that right by some one else, the two being correlative. Hence arise some of the difficulties in determining which kind of prescription is applicable to a particular case.

The difference between the common-law limitation and the civil-law prescription has been partly pointed out in the Porto Rico R. Light & P. Co. v. Atlas Transfer Co. 6 Porto Rico Fed. Rep. 371. The subject of prescription originated with the old civil-law doctrine of *usucapio,* by which a possessor of property for a year became in many instances the owner. The theory was even pushed to the limit of applying it to a wife, and even originated one form of marriage. Prescription received its full development only from the time of Justinian, if indeed he did not supply the name itself. Sandars, Justinian, 41. The distinction between the acquisitive and the extinctive forms originates with him. Ib. p. 167. During the long and thorough occupation of Spain by the Romans the civil law was in full force, and with it passed into the jurisprudence of that

province the principles of prescription, and these have been continued, particularly by the Partidas, in the many Spanish Codes since that time. The chief difference has been a variation, and that not always large, of the time prescribed for different classes of cases.

The common-law idea of limitations of actions, on the other hand, is merely that there can, after certain prescribed times, be no suit filed to enforce a right. The result is that the possessor, after that time, enjoys what amounts to an absolute title, but this is for the public interest, although it is the practical result of the passage of title. Thus in personal property it destroys the right as well as bars the remedy. Lay v. Lawson, 23 Ala. 377. Under the civil law, however, the right itself is barred after the periods described in chapter 2 of the title on Prescriptions, provided the possession is accompanied in the most important instances by just title and good faith. These periods are, then, what is called the ordinary prescription, but there is also a termination of property right without such accompaniments. This is contained in § 1860 of the Porto Rico Civil Code, and is commonly called the extraordinary prescription. It amounts practically to a statute of repose, and is theoretically based upon the idea or "concept" that the late owner has abandoned possession. 12 Manresa, 859. This corresponds approximately to the whole common-law theory of limitations. The basis of the two systems is therefore very different, except the rule (Civil Code, § 1870) that the time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted. Both systems agree in § 1849 that any express or implied

acknowledgment which the possessor may make with regard to the right of the owner also interrupts possession, as well as the interruption of possession which in § 1845 is called natural interruption, by which possession ceases for more than one year. Other provisions of chapter 2 on acquisitive possession, however, are peculiar to the civil law. Thus:

"Section 1846. Civil interruption is caused by a judicial citation of the possessor, even should it be by order of a court or of a judge without jurisdiction.

"Section 1847. The judicial citation shall be considered as not made and shall not cause interruption:

"1. If it should be void by reason of the absence of legal formalities.

"2. If the plaintiff should withdraw his complaint or should permit the proceedings to lapse.

"3. If the suit against the possessor should be dismissed.

"Section 1848. Civil interruption shall also take place by an action to avoid litigation, provided that within two months from its celebration a complaint as to possession or ownership of the thing contested be presented to the court or judge." Porto Rico Civil Code.

3. Taking up in succession the sections alleged to be applicable, the first in order would be §§ 1266 and 1268 of the Civil Code of Porto Rico, being among the special limitations recognized above in the law of prescription. These sections come in title 2 on contracts, and more particularly, respectively, in chapters 5 and 6 relative to the rescission and to the nullity of contracts. To an action based on either of these, the time limited is four years. A rescission of a contract validly executed occurs when the purchaser suffers damages in certain

cases, and rescission involved the return of the things which were the objects of the contract, fruits or interest.   Nothing of this kind is sought by the suit at bar.   It is not part of the prayer that the contract be rescinded; on the contrary, the plaintiff sues upon the contract as such and seeks damages under a warranty which he alleges is contained therein.

4. Much the same is true as to the claim of nullity.   Under § 1267 of the Porto Rico Civil Code, valid contracts may be annulled even where there is no damage to the contracting parties, whenever they contain defects which invalidate them at law.   This also requires restoration of the things which have been the objects of the contract with their fruits or interest. Even contracts subject to nullification can be confirmed under the civil law.   Civil Code of P. R. §§ 1276–1280.   It is clear that the complaint in this case does not seek to nullify the contract in any way.

5. With § 1375 of the Porto Rico Civil Code we would seem to get nearer the nature of this suit, as this prescription of six months relates to defects connected with the delivery of property.   This is under title 4 relating to a contract of purchase and sale, and more particularly to the chapter (4) relating to the obligations of the vendor.   Under § 1364 the vendor is bound to deliver and warrant the thing which is the object of sale.

"A thing sold shall be considered as delivered, when it is placed in the hands and possession of the vendee.

"When the sale should be made by means of a public instrument, the execution thereof shall be equivalent to the delivery of the thing which is the object of the contract, if in said in-

strument the contrary does not appear or may be clearly inferred." P. R. Civil Code, § 1365.

In other cases the placing of the titles of ownership in the possession of the vendee, or his using his right with the consent of the vendor, is considered as a delivery. Under § 1372 the obligation to deliver the thing sold is qualified by the right to choose between reduction in price or rescission of the contract, where the real estate is at least 10 per cent less than called for by the contract, where the sale is so much per cuerda or other unit of measure. Whatever may be the plaintiff-vendee's rights in this regard, it is sufficient to say that he does not seek a reduction or rescission, and therefore the short prescription of six months applicable to such a case does not apply in the case at bar. The complaint shows that the finca was composed of 290 cuerdas, more or less, but there is nothing to show that the property was sold at a particular price per cuerda. Under § 1374 of Porto Rico Civil Code, in a sale for a fixed price the increase or decrease of the acreage must not be considered.

6. The next section set up by the demurrer as governing the case is No. 1393, prescribing also a period of six months for actions arising under §§ 1388–1392, governing the liability of the vendor for faults or hidden defects even when they are unknown. The vendee is, under § 1389, given the right to withdraw from the contract or demand a proportional reduction of price, according to the judgment of experts. All of these provisions for six months are based upon the idea that they relate to defects which may impair the contract in one way or another, and even when damages are allowed, the alternative right of the vendee to annul or rescind the contract is expressed. It does not seem that the complaint is based upon any such theory.

The complaint throughout alleges the contract as valid and subsisting, and seeks to have it carried out in full. The six months' limitations, on the other hand, relate to withdrawing from a sale which, in natural justice, should be done at a very early date, as early in fact as the defect in question is discovered. A different rule should apply where the contract is to remain in force, and damages are sought for something provided for in the contract itself. It does not seem that § 1392 applies to the case at bar.

7. The prescription set out in the demurrer not being applicable, it would follow that the demurrer should be overruled. On this state of the pleadings it is not necessary to decide what prescription does apply. The defendant, however, goes further and sets up that § 1864 or § 1865 is the provision applicable. They read as follows:

"Sec. 1864. Real actions with regard to real property prescribe after thirty years.

"This provision is understood without prejudice to the prescriptions relating to the acquisition of ownership or of property rights by prescription.

"Sec. 1865. A mortgage action prescribes after twenty years, and those which are personal and for which no special term of prescription is fixed, after fifteen years."

These are found in the title Prescription of the Porto Rico Civil Code above discussed and in the chapter relating not to the prescription of ownership or acquisitive prescription, but in that relating to the prescription of actions or extinctive prescription. Whether the case at bar is a real action or a personal one need not be decided, because, whether it is § 1864 or 1865 of the Civil Code that is applicable, the suit is brought

San Juan Fruit Co. v. Landrau.

within the proper period. A real action, reivindicacion, is one brought for the property itself, whether that property be land or movables, while, on the other hand, a personal action is one brought against a person, although it may be on a claim growing out of land. If the suit at bar is to be considered one for damages for breach of general warranty, it would be of the latter character. But for reasons given above it would seem unnecessary to decide the point at this time.

It follows that the demurrer·is overruled.

It is so ordered.